United States Courts
Southern District of Texas
FILED
*September 15, 2026*
Nathan Ochsner, Clerk of Court

Defendant Kane James Kellum
4:26-CR-33

**FACTUAL BASIS FOR GUILTY PLEA**

Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One, Two, Three and Four of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

On November 28, 2025, at approximately 2:00am, Baytown Police Department dispatched officers to a residence in Baytown, Texas in response to a report of the discovery of created child pornography images depicting an identified three-year-old child minor victim, (hereinafter referred to as MV1) and an identified 15-year-old minor victim, (hereinafter referred to as MV2) engaging in sexual acts.

Defendant Kane James Kellum and his girlfriend had been dating for approximately one year and had been staying together in the home (a location within the Southern District of Texas) for at least six months. A three-year-old female child (MV1) lived at the residence, and a 15-year-old female child (MV2) was visiting at the time of the report.

According to the defendant's girlfriend, she suspected Defendant Kellum of infidelity. On November 28, 2025, Defendant Kellum's girlfriend

unlocked the defendant's cellular device, a Samsung Galaxy S23, and found internet-based Artificial Intelligence (AI) applications and software. Upon opening the application, the defendant's girlfriend observed three AI-generated child pornography videos depicting MV1 engaging in obscene sexually explicit conduct, and at least three obscene AI-generated child pornography videos of MV2 engaging in sexually explicit conduct. The defendant's girlfriend took screenshots and made recordings of these videos and provided them to the responding officers. Officers seized the Defendant's phone containing the obscene child pornography, a Samsung Galaxy S23 cellphone bearing IMEI 351139217348938. Two of the videos are summarized as follows:

1. An AI-generated video created November 25, 2025, depicting what appears to be MV1 standing in the kitchen. The child's clothes are removed and the child's face remains superimposed on a nude adult female's body, displaying her vagina. A table slides into view and the girl dances against the table showing her bare buttocks. This video is obscene and meets the federal definition of child pornography.
2. An AI-generated video created November 25, 2025, depicting what appears to be MV2 sitting at a table. The child stands and her shirt is removed showing her bare chest and vagina. The image transitions to

show her bare buttocks dancing on the edge of the table. This video is obscene and meets the federal definition of child pornography.

On November 28, 2025, Defendant Kellum was interviewed by Baytown Police Department Detective J. Turpin. Defendant Kellum provided a mirandized, voluntary and recorded statement. After Det. Turpin told the Defendant that his girlfriend found AI applications and software containing pornographic images and videos depicting MV1 and MV2 on his phone, Defendant Kellum admitted to making videos of MV1. The defendant advised he did not remember making videos of MV2, but stated he may have created the videos of MV2 when he was drunk. Defendant Kellum did recall seeing the video of MV2 on his phone. A video depicting MV1's face on a little person's body was described to the defendant, who advised he remembered the video but could not remember which application he used to make the video. Defendant Kellum estimated he had one AI-generated video of MV2 and ten AI-generated videos of MV1. Other than the one mentioned previously, Defendant Kellum thought there was a video of MV1 jumping on a trampoline. The defendant advised he used two different AI generation applications to make videos. The AI applications he downloaded onto his device utilize the internet to create the videos depicting child pornography.

Pursuant to a search warrant issued in the Southern District of Texas by

United States Magistrate Judge Dena Palermo on December 22, 2025, FBI agents extracted and reviewed the contents of the Defendant’s cellphone. Agents discovered approximately 16 videos and 22 images meeting the federal definition of child pornography. Of the newly discovered child pornography, agents observed non AI-generated images and videos of MV1 taken by the Defendant between November 2, 2025, through November 17, 2025. These images depict MV1’s anus, vagina, and the Defendant’s penis next to MV1’s face. Two of the files can be described as follows:

1. An image with a file name ending in 21FE with a write date of November 2, 2025: the image depicts MV1 laying on her back. MV1 was wearing a sleep dress with ice cream cones and underwear depicting Minnie Mouse. The defendant’s right hand is observed pulling aside underwear depicting Minnie Mouse and partially exposing MV1's vagina. This produced image meets the federal definition of child pornography.
2. An image with a file name ending in 3EA5 with a write date of November 4, 2025: the image depicts MV1 lying on her side in a bed. MV1's underwear were pulled down exposing her buttocks. The defendant’s right hand was on MV1's buttocks

spreading the cheeks, exposing her anus. This produced image meets the federal definition of child pornography.

Investigators also observed sexually explicit and obscene AI-generated child pornography videos depicting MV1, MV2 and another minor victim created between October 31, 2025, through November 14, 2025. Three of the images can be described as follows:

1. An image with a file name ending with AA34 with a write date of October 31, 2025: the image depicts MV1 standing in front of a Christmas tree. The AI-generated image depicts MV1 without clothes and exposing her AI-generated vagina.
2. An image with a file name ending with 0FCF with a write date of November 3, 2025: the image depicts MV1 standing in front of a Christmas tree. The AI-generated image depicts MV1without clothes on exposing her AI-generated vagina.
3. An image with a file name ending with 0248 with a write date of November 14, 2025: a six second AI-generated video depicting an AI male's penis being inserted into MV1's AI-generated mouth.

Agents also observed child pornography that had been downloaded onto the Defendant's device on February 19, 2025, and August 26, 2025.

Three of the videos are described as follows:

1. A video with a file name ending with BAD1 displaying a write date of February 19, 2025: a three second video depicting an unidentified adult male with a girl between the ages of five and seven. The girl is sitting on what appears to be a banister in a stairwell. The adult male's face is between the girl's legs and appears to be engaging in oral sex with the girl. This video meets the federal definition of child pornography.

**2.** A video with file name ending with 54C5 displaying a write date of February 19, 2025: a three second video depicting what appeared to be an adult fully unclothed male rubbing his penis and attempting to insert his penis into the anus of a fully unclothed minor female. This video meets the federal definition of child pornography.

3. An image with a file name ending in 64B0 with a write date of August 26, 2025: an image depicting a collage of 28 thumbnails from an unidentified application. Each thumbnail appeared to be a video of varying lengths from 18 seconds to seven minutes 39 seconds. At least 13 of the thumbnails depicted adults engaging children in sexual situations involving oral, anal, and vaginal

sexual intercourse and the visual display of genitalia. It appears as though the original media came from an exchange on Telegram. This image meets the federal definition of child pornography.

The digital devices utilized by the Defendant in the commission of the offenses were manufactured outside of the state of Texas. Consequently, the media at issue which was used to produce, create, receive and possess child pornography traveled in foreign or interstate commerce. The Defendant utilized the Internet, which is a means and facility of interstate commerce, to commit the offenses.